IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONOLITHIC POWER SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>REED SEMICONDUCTOR CORP.; NENGDA MICROELECTRONICS (SHENZHEN) CO., LTD.; NENGDA SEMICONDUCTOR TECHNOLOGY (SHENZHEN) CO., LTD.; NUVISION TECHNOLOGY, INC.; and WT MICROELECTRONICS CO., LTD.,<br><br>Defendants. | ) | C.A. No. 25-536-JFM |

**JOINT SCHEDULING ORDER**

This 11th day of May, 2026, the Court having been thoroughly briefed by the parties and conducted numerous Rule 16 conferences in the related cases, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. Rule 26(a)(1) Initial Disclosures. The Parties exchanged Rule 26(a) initial disclosures.

2. Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before the deadline set forth in the table below.

3. Discovery.

a. Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before the deadline set forth in the table below.

b. Document Production. Document production shall be substantially complete by deadline set forth in the table below.

c. Requests for Admission. A maximum of **50** requests for admission are permitted for each side.

d. Interrogatories. A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side.

e. Depositions.

i. Limitation on Hours for Deposition Discovery. Each side is limited to a total of 60 hours of deposition by oral examination of party and non-party fact witnesses. This limit applies regardless of the total number of depositions taken. Each deposition shall be limited to one day of seven (7) hours on the record, consistent with Federal Rule of Civil Procedure 30(d)(1), absent agreement of the parties or order of the Court.

ii. Location of Depositions. Depositions of party witnesses and experts will take place at a place convenient for the witness at a mutually agreeable time or a location agreed to by the Parties or ordered by the Court. Should that location impose any undue burden on any party, the Parties will allow that party to attend the deposition through remote means.

f. Discovery Matters and Disputes Relating to Protective Orders. The parties will follow the Court's Policies and Procedures, Paragraph 7, on Discovery and Discovery Disputes.

g. Miscellaneous Discovery Matters.

i. Initial Patent Disclosures – The parties agree to follow the Delaware electronic discovery default standard.

ii. The parties agree to the following timetable for final patent disclosures following the Claim Construction Order.

(1) 21 days after Claim Construction Order – plaintiff shall provide final infringement contentions.

(2) 42 days after Claim Construction Order – defendant shall provide final invalidity contentions.

4. Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. Claim Construction Issue Identification. The parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction on or before the deadline set forth in the table below. The parties shall exchange a list of their proposed claim construction of those term(s)/phrase(s) on or before the deadline set forth in the table below.[1] These documents will not

[1]If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party

be filed with the Court. Subsequent to exchanging those lists, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed on or before the deadline set forth in the table below. The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to chambers. The Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. The Joint Claim Construction Chart should include an explanation of why resolution of the dispute makes a difference. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with the Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument. Contemporaneously with filing the Joint Claim Construction Chart, if the parties wish to rely on expert testimony to support their claim construction positions, they shall serve any expert reports supporting such testimony also by the deadline set forth in the table below. If any such reports are served, the parties will make the relevant experts available for deposition by the deadline set forth in the table below.

6. Claim Construction Briefing.[2] Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on or before the deadline set forth in the table below. Defendant shall serve, but not file, its answering brief, not to exceed 7,500 words, on or before the deadline set forth in the table below. Plaintiff shall serve, but not file, its reply brief, not to exceed 5,000 words,

must explain what that meaning is. If a term is arguably a means-plus-function term, and a party does not propose a function and a structure, it is waiving any right to propose a function and a structure at a later time.

[2] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

on or before the deadline set forth in the table below. Defendant shall serve, but not file its surreply brief, not to exceed 2,500 words, on or before the deadline set forth in the table below. The parties shall file a Joint Claim Construction Brief on or before the deadline set forth in the table below. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below:

JOINT CLAIM CONSTRUCTION BRIEF

I. Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

A. [TERM 1][3]

1. Plaintiff's Opening Position

2. Defendant's Answering Position

3. Plaintiff's Reply Position

4. Defendant's Sur-Reply Position

B. [TERM 2]

1. Plaintiff's Opening Position

2. Defendant's Answering Position

3. Plaintiff's Reply Position

4. Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

---

[3] For each term in dispute, there should be a table or the like setting forth the term in dispute, the parties' competing constructions, and why resolution of the dispute matters. The table does not count against the word limits.

7. Hearing on Claim Construction. The Court will hear argument on claim construction at the date set forth in the table below. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

8. Disclosure of Expert Testimony.

a. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before the deadline set forth in the table below. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before the deadline set forth in the table below. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before the deadline set forth in the table below.

b. Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

9. Case Dispositive Motions. All case dispositive motions shall be served and filed by the deadline set forth in the table below. No case dispositive motion under Rule 56 may be filed more than ten days before such date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty-page answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive motions.

10. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. Pretrial Conference. On the deadline set forth in the table below, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

12. Motions *in Limine*. Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted

by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

13. Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format e-mailed to chambers. The parties will follow the Court's Policies and Procedures, Paragraph 14, on Jury Instructions and Verdict Sheet.

14. Trial. This matter is scheduled for a five (5) day[4] jury trial beginning at 9:00 a.m. on the date set forth in the table below, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

[4]Five days (i.e., about ten to thirteen hours per side) is the presumptive length of a patent jury trial. If the parties think it is obvious that this will not be enough, they may put in a different length and should be prepared to explain why at the Rule 16 conference. A final decision on the precise length of trial will not be made before the final pretrial conference.

15. Mediation (for use in non-ANDA patent cases). The Parties are required to engage in good faith in an in-person mediation. They are to hire a jointly agreed-upon mediator. The timing of mediation efforts is left to the discretion of the Parties, but the mediation efforts need to be conducted in advance of the pretrial conference. The Parties are required to submit a joint statement no later than one week before the pretrial conference. The joint statement is to include the identification of the mediator, the lead counsel for each party at the mediation, the length of the mediation, and the certification of the lead mediation counsel that they have engaged in the efforts in good faith. If the Parties anticipate any further efforts by the mediator at the time of the submission, they should so advise. The joint statement should not disclose the substance of any offers, counter-offers, or other negotiations.

16. Schedule:

| **Event** | **Date** |
|---|---|
| Production of core technical documents | Within 30 days of receipt of identification of Accused Products, Asserted Patents, and file histories |
| Initial Infringement Contentions | Within 30 days of receipt of Production of core technical documents |
| Initial Invalidity Contentions | Within 30 days of receipt of Initial Infringement Contentions |
| Amend Pleadings / Joinder of Other Parties | July 16, 2026 |
| Exchange List of Claim Terms/Phrases Needing Construction | July 30, 2026 |
| Exchange Proposed Constructions of Claim Terms/Phrases | August 13, 2026 |
| File Joint Claim Construction Chart | August 27, 2026 |
| Serve Expert Reports Supporting Claim Construction Positions (if any) | August 27, 2026 |
| Make Claim Construction Experts Available for Deposition | September 10, 2026 |

| Event | Date |
|---|---|
| Opening Claim Construction Brief | January 7, 2027 |
| Answering Claim Construction Brief | January 21, 2027 |
| Reply Claim Construction Brief | January 28 , 2027 |
| Surreply Claim Construction Brief | February 4, 2027 |
| File Joint Claim Construction Brief and Motion Requesting Claim Construction Hearing | February 9, 2027 |
| Claim Construction Hearing | March 17, 2027 at 9:00am in Courtroom 3B, 601 Market Street, Philadelphia, PA |
| Substantial Completion of Document Production | February 26, 2027 |
| Completion of Fact Discovery | April 30, 2027 |
| Final Infringement Contentions | 21 days after Claim Construction Order |
| Final Invalidity Contentions | 42 days after Claim Construction Order |
| Initial Expert Reports (issues for which party bears burden of proof) | June 18, 2027 |
| Rebuttal / Responsive Expert Reports (issues for which party does not bear burden of proof) | July 9, 2027 |
| Completion of Expert Depositions | July 23, 2027 |
| Deadline to File Motions for Summary Judgment | August 20, 2027 |
| Deadline to File *Daubert* Motions | August 20, 2027 |

Date: May 11, 2026

JOHN F. MURPHY
UNITED STATES DISTRICT JUDGE